Gordon M. Fauth, Jr. (SBN 190280)
gfauth@finkelsteinthompson.com
K. Hope Echiverri Ranoa (SBN: 298366)
hranoa@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
1935 Addison Street, Suite A
Berkeley, California 94704
Direct Telephone: (510) 238-9610
Telephone: (415) 398-8700
Facsimile:  (415) 398-8704

Attorneys for Individual and Representative
Plaintiff Lynn Bolden

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN BOLDEN, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BARILLA AMERICA, INC., a corporation,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Lynn Bolden ("Plaintiff"), by and through undersigned counsel, brings this action individually and on behalf of all other similarly situated persons against the Defendant, Barilla America, Inc. ("Defendant" or "Barilla"), and alleges the following:

### NATURE OF THE ALLEGATIONS

1.     Plaintiff brings this class action against Defendant Barilla, seeking redress for Defendant's fraudulent and misleading practice of advertising its Pasta Sauce ("the Product") as

1

containing "No Preservatives," when, in fact, the Product contains citric acid, a known preservative.

2.     Defendant advertises its Pasta Sauce as containing "No Preservatives," despite the presence of citric acid, which is listed as an ingredient on the back of the bottles of its Pasta Sauce, including Barilla Traditional, Barilla Chunky Traditional, Barilla Marinara, Barilla Meat Sauce, Barilla Mushroom, Barilla Roasted Garlic, Barilla Spicy Marinara, Barilla Sweet Peppers, Barilla Tomato and Basil, Barilla Tuscan Herb, and other flavors of Barilla Pasta Sauce that contain citric acid and a "No Preservatives" label.

3.     The "No Preservatives" claim is prominently displayed on the front of the Product packaging even though citric acid is listed in the ingredients.

4.     The Food and Drug Administration ("FDA") has categorized citric acid as a preservative, used to prevent food spoilage, delay rancidity and slow changes in color, flavor and texture.[1]

5.     Accordingly, Defendant's statements that the Products do not contain preservatives are false and misleading.

6.     Plaintiff and the Class read and relied upon these false representations when purchasing the Product.  Had Plaintiff and the Class known that the Product contained preservatives, contrary to the claims on the packaging, Plaintiff and the Class would not have purchased this Product or they would have paid less for it.

7.     By deceptively marketing and labeling the Product as containing "No

---

[1] *Overview of Food Ingredients, Additives & Colors,* (revised April 2010), found at https://www.fda.gov/food/ingredientspackaginglabeling/foodadditivesingredients/ucm094211.htm (last visited 1/8/2019).

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Preservatives," Defendant wrongfully capitalized on, and reaped profits from, consumers' strong preference for food products made free of preservatives.

8.     Plaintiff brings this action individually and on behalf of a Nationwide Class and a California Subclass of similarly situated consumers, seeking an injunction barring the Defendant from engaging in further deceptive advertising and labeling of the Product, restitution and disgorgement of ill-gotten profits, damages, reasonable attorneys' fees and costs.

## PARTIES

### PLAINTIFF

9.     Plaintiff Lynn Bolden ("Plaintiff Bolden" or "Plaintiff") is, and at all relevant times hereto was, a citizen of California.  At relevant times, including from January 2017 to October 2018, Plaintiff purchased Defendant's Pasta Sauce Product including Barilla Marinara Sauce and Barilla Chunky Traditional Sauce on a biweekly basis. Plaintiff purchased each package of the Product from stores such as Ralphs, Walmart and Winco Foods, in the Long Beach, California area.

10.     The Pasta Sauce that Plaintiff purchased contained labels that prominently advertised the Product as containing "No Preservatives."  In purchasing the Product, Plaintiff read and relied upon that material representation.  Had Plaintiff known that the Pasta Sauce did, in fact, contain preservatives, Plaintiff would not have purchased the Product or he would have paid less for it.   Plaintiff has been damaged by his purchase of the Pasta Sauce, because Plaintiff did not receive what he reasonably intended to receive when purchasing the Pasta Sauce and/or because the Product is worth less than what Plaintiff paid for it.

3

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**DEFENDANT**

11.     Barilla America Inc, is an Illinois corporation with its principal place of business at 885 Sunset Ridge Road, Northbrook, IL 60062.

12.     Barilla is the owner, manufacturer and distributor of the Product. It created and/or authorized the false, misleading and deceptive labeling and advertising for the Product. It is also the company that promoted, marketed and sold the Product in this judicial district.

13.     Barilla markets the Product throughout the United States including in California and in this judicial district. The Product is sold at retail and online outlets, including Ralphs, Walmart, Target, Safeway and other retailers.

**JURISDICTION AND VENUE**

14.     This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). The Plaintiff and most members of the Class are citizens of a state different from that of the Defendant, the putative class size is greater than 100 persons, and the amount in controversy in the aggregate for the putative Class exceeds the sum or value of five million dollars exclusive of interest and costs.

15.     This Court has personal jurisdiction over Defendant pursuant to laws including California Code of Civil Procedure ("Cal. Code Civ. Proc.") § 410.10. A substantial portion of the wrongdoing alleged in this Complaint took place in the State of California. Barilla is authorized to do business in the State of California. Accordingly, Barilla has sufficient minimum contacts with the State of California and/or otherwise intentionally avails itself of the markets in the State of California through the production, promotion, marketing, and sale of products and

4

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1  services in this State to render the exercise of jurisdiction by this Court permissible under

2  traditional notions of fair play and substantial justice.

3      16.    Venue is proper in this Court and judicial district pursuant to 28 U.S.C. § 1391(b)

4

5  because a substantial part of the events or omissions giving rise to the claims asserted herein

6  occurred in this venue, including specifically the relevant transactions in which Plaintiff was sold

7  Defendant's Product.  Attached as Exhibit A hereto and incorporated by reference is Plaintiff's

8
9  declaration as to venue pursuant to California Civil Code § 1780(d).

10                     **FURTHER FACTUAL ALLEGATIONS**

11     17.    Defendant Barilla is an international manufacturer of pasta and pasta sauces, and

12 competes with major brands including Bertolli, Newman's Own and Kraft Heinz (which owns

13 the Classico pasta sauce brand) in an attempt to dominate the U.S. pasta sauce market.

14
15     18.    The Defendant manufactures and distributes over 12 varieties of pasta sauces

16 through major retailers such as Target, Walmart, Ralphs, and Safeway.

17     19.    The Product at issue here is advertised as containing "No Preservatives."

18 However, the ingredients include citric acid, a well-known preservative.
19
20              **THE FDA HAS IDENTIFIED CITRIC ACID AS A PRESERVATIVE**

21     20.    Citric acid is a naturally occurring acid derived from citrus fruits, such as lemons

22 and limes, and some vegetables, notably tomatoes.  However, it can be, and often is,

23 manufactured through a fermentation process that converts *Aspergillus niger* (a black mold) into

24
25 citric acid.[2]

26

27 _____

28 [2] Iliana E. Sweis and Bryan C. Cressey, *Potential Role of the Common Food Additive
Manufactured Citric Acid in Eliciting Significant Inflammatory Reactions Contributing to*

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

21.     When added to foods, naturally occurring citric acid or manufactured citric acid ("MCA") acts as a preservative.[3]  Specifically, it prevents botulism in canned and jarred foods by reducing the PH levels that bacteria need to survive, thereby dramatically increasing the shelf life of such products.[4]

22.     While citric acid is generally regarded as a safe food additive, citric acid can aggravate acid reflux and cause heartburn in some individuals.[5]

23.     The FDA recognizes citric acid as a preservative and the food industry widely uses it as such.  In 2016, 2.3 million tons of citric acid was manufactured and approximately 70% of it was used as a food or beverage additive.[6]

### MARKET APPEAL IN AN INCREASINGLY HEALTH CONSCIOUS SOCIETY

24.     The Defendant touts itself as a health conscious company that values transparency and honesty in the marketplace.  Its "Principles On Responsible Food Marketing" state, in part:

> "We are aware of the influence that marketing activities can have on people's beliefs and behaviors and therefore we pay particular attention to the influence that our marketing activities can have on our consumers.  In particular:
> * * *
> 2. Marketing communications shall never prevent **full transparency** of the content, benefits and proper use of products.

---

*Serious Disease States: A Series of Four Case Reports*, Toxicol. Rep. 2018; 5: 808–812, available at https://www.ncbi.nlm.nih.gov/pmc/articles/PMC6097542/ (last visited 1/4/2019).
[3] *Id.*
[4] *The Uses of Citric Acid in the Food Industry*, (April 21, 2015),  http://www.bellchem.com /news/the-uses-of-citric-acid-in-the-food-industry (last visited 1/8/2019).
[5] Jeanette Bradley, *Can You Be Allergic or Sensitive to Citric Acid?* (revised Dec. 2, 2018), https://www.verywellhealth.com/citric-acid-allergy-symptoms-and-how-to-cope-1323907 (last visited 1/8/2019).
[6] Iliana E. Sweis and Bryan C. Cressey, *Potential Role of the Common Food Additive Manufactured Citric Acid in Eliciting Significant Inflammatory Reactions Contributing to Serious Disease States: A Series of Four Case Reports*, Toxicol. Rep. 2018; 5: 808–812, available at https://www.ncbi.nlm.nih.gov/pmc/articles/PMC6097542/ (last visited 1/4/2019).

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

3. Marketing communication shall [not]…include manipulative content and **shall not include concealed, contradictory, uncertain and/or ambiguous messages**."[7]  (emphasis original)

25.     However, the Defendant's advertising and labeling practices, as they pertain to this Product, fail to comport with the company's stated principles.  The Defendant advertises the Product as containing "No Preservatives," despite the fact that citric acid is listed among the ingredients.  Thus, the advertising and labeling are anything but transparent and actually include contradictory information regarding the quality and composition of the Product, thereby inducing Plaintiff and other consumers into believing that the Product is preservative free when it is not.

26.     The Defendant's deception is motivated by a desire to remain competitive in a market that now demands healthier food options.  As one researcher noted:

The trend toward healthy eating has created challenges for marketers of sauces and condiments, as the perception that sauces and condiments are an unnecessary and unhealthy addition to many foods has made some customers cut back on consumption.[8]

27.     In response, manufacturers of such products are marketing sauces and condiments as "organic and healthy, with new options such as low-sodium or low-sugar."[9]  Along those same lines, manufacturers are marketing products as "certified organic" and/or including "free-from" labels, which "help keep sauces and condiments popular with a range of influential consumers," such as "Boomers" and "Millennials."[10]

---

[7] *Barilla's Principles on Responsible Food Marketing*, (May 2018), https://www.barillagroup.com/sites/default/files/Responsible%20Marketing%20Principles.pdf (last visited 1/9/2019).
[8] *6 Trends Driving US Condiments & Sauces Market Sales to $24 Billion and Beyond by Packaged Facts*, (July 20, 2017), https://www.manufacturing.net/news/2017/07/6-trends-driving-us-condiments-sauces-market-sales-24-billion-and-beyond (last visited 1/9/2019).
[9] *Id.*
[10] *Id.*

7

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

<u>**DEFENDANT'S PRODUCT PACKAGING IS MISLEADING**</u>

28.     Defendant's Product packaging is misleading to reasonable consumers, including Plaintiff and the Class members, and only serves the profit-maximizing interests of the Defendant.  Specifically, the Defendant's Product packaging induces reasonable consumers to believe that the Product does not contain preservatives, even though the Product contains citric acid.

29.     Defendant knows, knew or should have known that Plaintiff and Class members would rely on the "No Preservatives" label when purchasing the Product, and would reasonably believe that the Product was free of preservatives.

30.     In order for the reasonable consumer to know that the label on the front is misleading, he or she would need to read the list of ingredients on the back *and* know that citric acid is a preservative.  Without that independent and, arguably, uncommon knowledge, consumers are forced to rely on the representations made on the Product packaging.

31.     Requiring consumers to research every ingredient in a product, prior to purchasing it, is unnecessarily burdensome and unreasonable in light of manufacturers' legal and ethical obligation to accurately advertise and truthfully label the products they introduce into the stream of commerce.

32.     Here, the Defendant capitalized upon consumers' lack of knowledge by manufacturing and mislabeling the Product as preservative-free when it contains citric acid.

<u>**PLAINTIFF AND THE CLASS WERE HARMED BY THE MISLEADING PRODUCT PACKAGING**</u>

33.     Plaintiff and the Class members have paid an unlawful premium for the Product. More specifically, they paid for preservative-free Pasta Sauce that they expected but never

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

received.

34.     Plaintiff and Class members would have paid significantly less for the Product had they known that the Product contained preservatives.

35.     In the alternative, Plaintiff and Class members would not have purchased the Product at all had they known that the Product contained preservatives.

36.     Therefore, Plaintiff and Class members purchasing the Product suffered injury-in-fact and lost money as a result of the Defendant's false, unfair, and fraudulent practices, as described herein.

37.     As a result of its misleading business practice, and the harm caused to Plaintiff and the Class members, Defendant should be enjoined from labeling its Pasta Sauce as preservative-free when it contains citric acid.  Furthermore, Defendant should be required to pay for all damages caused to deceived consumers, including Plaintiff and the Class members.

## PLAINTIFF'S CLAIMS ARE NOT SUBJECT TO PREEMPTION

38.     Plaintiff's claims under state laws are not preempted by federal law. They are consistent with the FDCA, which provides that "[a] food shall be deemed misbranded... [i]f its labeling is false or misleading in any particular." 21 U.S.C. § 343 (a)(1).  As set forth above, the definition of "preservative" used herein is in accord with that of the FDA.  Further, FDA regulations specifically note that statements such as "contains no preservatives" are non-nutritive claims that are not governed by 21 C.F.R. § 101.13.  See 21 C.F.R. § 101.65(b)(2).  Since the FDA has not issued specific standards to determine the verity of "no preservative" claims, such claims fall outside the ambit of FDA regulations and are subject to state law.  Accordingly, Plaintiff's claims are not preempted.

9

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CLASS ACTION ALLEGATIONS

39.     Pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3),

Plaintiff brings this action on behalf of himself and two classes, a Nationwide Class and a

California Subclass.

40.     The Nationwide Class is initially defined as:

**"All persons in the United States who, within the relevant statute of limitations**

**periods, purchased the Product."**

41.     The California Subclass ("the Subclass") is initially defined as:

**"All California residents who, within the relevant statute of limitations periods,**

**purchased the Product."**

42.     Excluded from both the Nationwide Class and the California Subclass (referred to

collectively as "the Class" or "classes") are Defendant, the officers and directors of the

Defendant at all relevant times, members of their immediate families and their legal

representatives, heirs, successors or assigns, and any entity in which Defendant has or had a

controlling interest; any judge and/or magistrate judge to whom this action is assigned and any

members of such judges' staffs and immediate families; and, any persons or entities that

purchased the Product for sole purposes of resale.

43.     Plaintiff reserves the right to amend or modify the Class definitions with greater

specificity or division, or as otherwise deemed necessary, after having had an opportunity to

conduct discovery.

44.     The proposed classes meet all criteria for class certification under Fed. R. Civ. P.

23(b)(3), including numerosity, superiority, typicality, commonality, and adequacy of

10

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1  representation.

2                    **Numerosity of the Class**

3                    **(Fed. R. Civ. P. 23(a)(1))**

4          45.     The proposed Class satisfies numerosity.  The Product is offered for sale at over

5  100 supermarkets and other stores in California and across the United States.  While the precise

6  number of Class members is unknown to Plaintiff, the Class likely constitutes, at the least, tens

7  of thousands.  Individual joinder of the Class members in this action is impractical.  Addressing

8  the Class members' claims through this class action will benefit Class members, the parties, and

9  the courts.

10

11                 **Superiority of a Class Action**

12                 **(Fed. R. Civ. P. 23(b)(3))**

13         46.     A class action is superior to any other means for adjudication of the Class

14 members' claims.  The damages or other financial detriment suffered by individual Class

15 members is relatively small compared to the burden and expense that would be entailed by

16 individual litigation of their claims against the Defendant.  It would be impractical for individual

17 Class members to bring individual lawsuits to vindicate their claims.

18         47.     Even if Class members could afford such individualized litigation, the court

19 system could not.  Individualized litigation would create the danger of inconsistent or

20 contradictory judgments arising from the same set of facts.  Individualized litigation would also

21 increase the delay and expense to all parties and the court system from the issues raised by this

22 action.  By contrast, the class action device provides the benefits of adjudication of these issues

23 in a single proceeding, economies of scale, and comprehensive supervision by a single court, and

24 presents no unusual management difficulties under the current circumstances.

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

48.     Furthermore, Defendant's misrepresentations were made on the label of the Product.  All Class members, including Plaintiff, were exposed to and continue to be exposed to the omissions and affirmative misrepresentations.  If this action is not brought as a class action, Defendant can continue to deceive consumers and violate the law with impunity.

## Typicality of Claims
### (Fed. R. Civ. P. 23(a)(3))

49.     The proposed Class satisfies typicality.  Plaintiff and the Class members all purchased the Product, were deceived by the false and deceptive labeling, and lost money as a result.  Accordingly, Plaintiff's claims are typical of, and are not antagonistic to, the claims of other Class members.  Moreover, Plaintiff is advancing the same claims and legal theories on behalf of himself and all Class members.  There are no defenses that are unique to the Plaintiff.

## Predominance of Common Questions of Fact and Law
### (Fed. R. Civ. P. 23(a)(2); 23(b)(3))

50.     The proposed Class satisfies commonality, and common questions of law and fact predominate.  Questions of law and fact common to Plaintiff and the Class include:

    a.    Whether Defendant engaged in marketing and promotional activities which were likely to deceive consumers by labeling the Product as "preservative free" when it contained citric acid;

    b.    Whether Defendant omitted, suppressed, and/or concealed material facts concerning the Product's ingredients;

    c.    What the fair market value of the Product would have been throughout the Class Period but for Defendant's omissions, suppressions, and/or concealments concerning the true content of the Product;

12

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

d.  Whether the price that Defendant charged for its Pasta Sauce Product exceeded its fair market value;

e.  Whether Defendant was unjustly enriched at the expense of Plaintiff and Class members;

f.  Whether Plaintiff and the Class were deprived of the benefit of the bargain in purchasing Defendant's Product;

g.  Whether Defendant violated California's False Advertising Law, California's Consumer Legal Remedies Act, and/or California's Unfair Competition Law; and

h.  Whether Plaintiff and Class members are entitled to appropriate remedies, including restitution and injunctive relief, and the nature of those remedies.

## Adequacy of Representation
### (Fed. R. Civ. P. 23(a)(4))

51.  Plaintiff is an adequate representative of the Class as he is a member of the Class, he seeks relief for the Class, his interests do not conflict with the interests of the Class members, and he has no interests antagonistic to those of other Class members.  Plaintiff intends to vigorously prosecute this case.  In furtherance of that goal, Plaintiff has retained counsel competent in the prosecution of complex consumer fraud and class action litigation.

## Risk of Inconsistent or Dispositive Adjudications and the Appropriateness of Final Injunctive or Declaratory Relief
### (Fed. R. Civ. P. 23(b)(1) and (2))

52.  In the alternative, this action is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(a) and (1) and (2), because:

(a)  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class members,

13

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

which would establish incompatible standards of conduct for the Defendant; or

(b)    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other members of the Class not parties to the adjudications, or substantially impair or impede their ability to protect their interests; or

(c)    Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Class as a whole.

**Issue Certification**

**(Fed. R. Civ. P. 23(c)(4))**

53.    In the alternative, common questions of fact and law, including those set forth above, are appropriate for issue certification.

**CAUSES OF ACTION**

**COUNT I:  VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW ("FAL")**
**CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17500, ET SEQ**
**(FOR THE CALIFORNIA SUBCLASS)**

54.    Plaintiff incorporates all preceding and subsequent paragraphs as if fully set forth herein.

55.    Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass.

56.    California's FAL makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services professional or otherwise, or performance or disposition thereof,

14

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

57.     Defendant has represented and continues to represent to the public, including Plaintiff and members of the California Subclass, that the Product is preservative free despite the fact that citric acid, a known preservative, is listed among the ingredients.  Because Defendant has disseminated misleading information regarding its Product, and Defendant knows, knew, or should have known through the exercise of reasonable care, that the representation was and continues to be misleading, Defendant violates the FAL.

58.     As a result of Defendant's false advertising, Defendant has and continues to fraudulently obtain money from Plaintiff and members of the California Subclass.

59.     Plaintiff requests that this Court order the Defendant to restore this money to Plaintiff and members of the California Subclass, to order disgorgement of the profits Defendant made on these transactions, and to enjoin Defendant from further violations of the FAL.

60.     Plaintiff is entitled to relief as prayed for hereunder.

**COUNT II:  VIOLATIONS OF THE CONSUMERS LEGAL REMEDIES ACT ("CLRA")**
**CALIFORNIA CIVIL CODE § 1750 ET SEQ.**
**(FOR THE CALIFORNIA SUBCLASS)**

61.     Plaintiff incorporates all preceding and subsequent paragraphs as if fully set forth herein.

62.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass.

63.     Plaintiff is a consumer as defined by California Civil Code § 1761(d).

64.     The sale of Defendant's Pasta Sauce Product to Plaintiff and members of the

15

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

California Subclass were "transactions" within the meaning of Cal. Civ. Code § 1761(e).

65.     The pasta sauces purchased by Plaintiff and members of the California Subclass are "goods" within the meaning of Cal. Civ. Code § 1761(a).

66.     Defendant violated and continues to violate the CLRA by engaging in the following practices proscribed by California Civil Code § 1770(a) in transactions with Plaintiff and the California Subclass, which were intended to result in, and did result in, the sale of the Product:

> (5) Representing that [the Product has]…characteristics…uses [and] benefits…which [it does] not have…
>
> ***
>
> (7) Representing that [the Product is] of a particular standard, quality, or Grade…if [it is] of another.

67.     Defendant violated the CLRA by falsely labeling and advertising its Product as containing "No Preservatives" when, in fact, the Product contains citric acid, a known preservative.

68.     As a result of Defendant's false representations, Plaintiff and the California Subclass purchased a Product that did not have the characteristics, qualities, or value promised by Defendant.

69.     Under Cal. Civ. Code § 1780(a), Plaintiff and members of the California Subclass seek injunctive and equitable relief for Defendant's violations of the CLRA. Contemporaneously with the filing of this Complaint, Plaintiff will send a notice letter by certified mail to Defendant Barilla indicating his intent to pursue claims under the CLRA that provides Defendant with an opportunity to cure the unlawful practice, consistent with Cal. Civ. Code § 1782.  If Defendant fails to take corrective action within 30 days of receipt of the demand letter, Plaintiff will amend

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1  this Complaint to include a request for damages as permitted under Cal. Civ. Code § 1782(d).

2  **COUNT III:  VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW ("UCL")**
3  **CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, ET SEQ**
4  **(FOR THE CALIFORNIA SUBCLASS)**

5  70.    Plaintiff incorporates all preceding and subsequent paragraphs as if fully set forth

6  herein.

7  71.    Plaintiff brings this claim individually and on behalf of the members of the

8  proposed California Subclass.

9  72.    Defendant's acts, practices and omissions violate the UCL, Cal. Bus. & Prof.

10  Code §§ 17200 *et seq.*

11  73.    Plaintiff and California Class members are "persons" within the meaning of Cal.

12  Bus. & Prof. Code § 17201.

13  74.    The UCL prohibits any "fraudulent," "unfair," or "unlawful" business acts or

14  practices and any false or misleading advertising.

15  75.    A business act or practice is "fraudulent" under the UCL if it is likely to deceive

16  members of the consuming public. A business act or practice is "unfair" under the UCL if the

17  reasons, justifications and motives of the alleged wrongdoer are outweighed by the gravity of the

18  harm to the alleged victims. A business act or practice is "unlawful" under the UCL if it violates

19  any other law or regulation.

20  76.    Defendant has violated the "fraudulent" prong of the UCL by misleading Plaintiff

21  and the California Subclass and causing them to believe that Defendant's Pasta Sauce Product

22  contains "No Preservatives" when the Product, in fact, contains a preservative – citric acid.

23  77.    Defendant has violated the "unfair" prong of the UCL by mislabeling its Pasta

17

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Sauce in order to induce consumers into believing that the Product does not contain preservatives when the Product contains at least one – citric acid.

78.     The business acts and practices alleged herein are unfair because, among other things, they caused Plaintiff and the California Subclass to falsely believe that Defendant is offering a product that is superior to what they actually received. This deception was likely to have induced reasonable consumers, including Plaintiff, to buy Defendant's Pasta Sauce Product, which they otherwise would not have purchased, or would have paid substantially less for such Product.

79.     The gravity of the harm to Plaintiff and the California Class members resulting from these unfair acts and practices outweighs any conceivable reasons, justifications and/or motives of Defendant for engaging in such deceptive acts and practices.  There is no societal benefit from false advertising, only harm. While Plaintiff and the public at large were and continue to be harmed, Defendant has been unjustly enriched by its misleading half-truths and material omissions.

80.     There were reasonable available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

81.     Defendant has also violated the "unlawful" prong of the UCL by violating several California laws, as alleged herein, including the FAL and CLRA.

82.     Unless restrained and enjoined, Defendant will continue to engage in the above described conduct. Accordingly, injunctive relief is appropriate.

18

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

## COUNT IV:  BREACH OF EXPRESS WARRANTY

83.     Plaintiff incorporates all preceding and subsequent paragraphs as if fully set forth herein, and brings this claim on behalf of himself and all Class members.

84.     In connection with the sale of its Pasta Sauce, Defendant issued an express warranty that the Product contained "No Preservatives."

85.     Defendant's affirmation of fact and promise on the labels of the Product that it contained "No Preservatives" became part of the basis of the bargain between the Defendant and Plaintiff and all Class members, thereby creating express warranties that the Product would conform to Defendant's affirmation of fact, representations, promise, and description.

86.     Defendant breached its express warranties, because the Product is not preservative free – but instead contains citric acid.  The Product at issue here does not live up to Defendant's express warranties.

87.     Plaintiff and the members of the Class were injured as a direct and proximate result of Defendant's breach because: (a) they would not have purchased or they would have paid less for the Product if they had known the true facts; (b) they paid a premium price for the Product as a result of Defendant's false warranties and misrepresentations; and (c) they purchased a Product that did not have the characteristics, qualities, or value promised by Defendant.

88.     Accordingly, Plaintiff and the Class are entitled to relief as prayed for hereunder.

## COUNT V:  BREACH OF IMPLIED WARRANTY

89.     Plaintiff incorporates all preceding and subsequent paragraphs as if fully set forth herein, and brings this claim on behalf of himself and all Class members.

19

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

90.     The Uniform Commercial Code § 2-314 provides that, unless excluded or modified, a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind.  To be "merchantable," goods must "run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved," "are adequately contained, packaged, and labeled as the agreement may require," and "conform to the promise or affirmations of fact made on the container or label if any."

91.     Defendant Barilla, through its actions and omissions as alleged herein, in the sale, labeling, marketing, and promotion of its Pasta Sauce, impliedly warranted that the Product contained "No Preservatives."

92.     Defendant is a merchant with respect to the goods which were sold to Plaintiff and the Class, and there was an implied warranty that those goods were merchantable.

93.     Defendant breached the warranty implied in the sale of the goods, in that Defendant's Pasta Sauce Product does not possess the quality advertised (e.g., free from preservatives).  Moreover, the Product does not conform to the promises or affirmations of fact made on the container or label, because the Product contains citric acid despite the "No Preservatives" label on the front of the packaging.

94.     Plaintiff and Class members reasonably relied upon Defendant's implied warranties in purchasing Defendant's Product.

95.     Plaintiff and the members of the Class were injured as a direct and proximate result of Defendant's breach because Plaintiff and Class members: (a) would not have purchased the Product if they had known that the Product did not have the characteristics or qualities as

20

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

impliedly warranted by Defendant or they would have paid substantially less for the Product; (b) paid a premium price for the Product as a result of Defendant's false warranties and misrepresentations; and (c) purchased a Product that did not have the characteristics, qualities, or value promised by Defendant.

96.     Accordingly, Plaintiff and the Class are entitled to relief as prayed for hereunder.

### COUNT VI:  NEGLIGENT MISREPRESENTATION

97.     Plaintiff incorporates all preceding and subsequent paragraphs as if fully set forth herein, and brings this claim on behalf of himself and all Class members.

98.     As alleged herein, Defendant misrepresented that its Pasta Sauce contained "No Preservatives" when the Product, in fact, contained citric acid.

99.     At the time Defendant made these representations, Defendant knew or should have known that these representations concerning its Product were false or made them without knowledge of their truth or veracity.

100.     At minimum, Defendant negligently misrepresented and/or negligently omitted material facts about its Product.

101.     The negligent misrepresentations and omissions made by Defendant, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce, and actually induced, Plaintiff and all Class members to purchase the Product.

102.     Plaintiff and the Class would not have purchased Defendant's Pasta Sauce, or would not have purchased the Product for the same price, if they knew that the Product contained preservatives.

103.     The negligent actions of Defendant caused damage to Plaintiff and all Class

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1  members.

2  104.    Accordingly, Plaintiff and Class members are entitled to relief as prayed for

3  hereunder.

4
5  ## COUNT VII:  UNJUST ENRICHMENT

6  105.    Plaintiff incorporates all preceding and subsequent paragraphs as if fully set forth

7  herein, and brings this claim on behalf of himself and all Class members.

8  106.    As a result of Defendant's wrongful and deceptive conduct, Plaintiff and Class

9
10  members have suffered a detriment while Defendant has received a benefit.

11  107.    Defendant's misleading, inaccurate and deceptive marketing and labeling

12  intentionally cultivates the perception that consumers are being offered a product that they are

13  not.  Plaintiff and all Class members likely would not have purchased Defendant's Pasta Sauce

14  Product, or would have paid significantly less for the Product, if Defendant had not

15  misrepresented the nature of the Product.

16
17  108.    Defendant received a premium price benefit and/or additional sales from Plaintiff

18  and Class members as a result of this unlawful conduct.

19  109.    Defendant should not be allowed to retain the profits and/or additional sales

20  generated from the sale of products that were unlawfully marketed, advertised and promoted.

21  Allowing Defendant to retain these unjust profits would offend traditional notions of justice and

22  fair play and induce companies to misrepresent key characteristics of their products in order to

23  increase sales.

24
25  110.    Thus, Defendant is in possession of funds that were wrongfully retained from

26  Plaintiff and Class members that should be disgorged as illegally gotten gains.

27
28

22

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and all others similarly situated prays for relief as follows:

a) An order certifying that the action may be maintained as a class action and certifying Plaintiff as representative of the Classes;

b) An order designating undersigned counsel as counsel for the Classes;

c) An order requiring Defendant to bear the cost of Class notice;

d) An award of equitable relief enjoining Defendant from making any claims on the Product found to violate applicable law;

e) An order requiring Defendant to conduct corrective advertising;

f) An order requiring Defendant to disgorge any benefits received and any unjust enrichment realized as a result of the improper and misleading labeling, advertising, and marketing of the Product;

g) An order requiring Defendant to pay restitution and damages to Plaintiff and Class members;

h) An award of statutory damages;

i) An award of punitive damages to be determined at trial;

j) Pre- and post-judgment interest on any amounts awarded;

k) Reasonable attorneys' fees and costs; and

l) Any other relief the Court may deem just, appropriate, or proper.

## DEMAND FOR JURY TRIAL

Plaintiff Lynn Bolden hereby demands trial by jury of all claims so triable.

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1
2
3

Respectfully submitted,

Date:  January 22, 2019

By: /s/ Gordon M. Fauth, Jr.

Gordon M. Fauth, Jr.
Of Counsel
K. Hope Echiverri Ranoa
Of Counsel
**FINKELSTEIN THOMPSON LLP**
1935 Addison Street, Suite A
Berkeley, California 94704
Direct Telephone: (510) 238-9610
Telephone: (415) 398-8700
Facsimile:  (415) 398-8704

Mila F. Bartos
Ebonie Branch
**FINKELSTEIN THOMPSON LLP**
3201 New Mexico Ave. NW, Suite 395
Washington, DC 20016
Telephone: (202) 337-8000
Telephone: (877) 800-1050 (toll free)
Facsimile:  (202)  337-8090(fax)

Attorneys for Individual and Representative
Plaintiff Lynn Bolden

24

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

# Exhibit A

Gordon M. Fauth, Jr. (SBN 190280)
gfauth@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
1935 Addison Street, Ste. A
Berkeley, California 94704
Direct Telephone: (510) 238-9610
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

Attorneys for Individual and Representative
Plaintiff Lynn Bolden

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN BOLDEN, *on behalf of himself and others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>BARILLA AMERICA, INC.<br><br>Defendant. | Case No.<br><br>**DECLARATION OF LYNN BOLDEN PURSUANT TO CALIFORNIA CIVIL CODE § 1780(d)** |

I, Lynn Bolden, declare as follows:

1.      I am the named Plaintiff in this action. I have personal knowledge of the matters set forth herein and, if called as a witness, I could and would competently testify thereto.

2.      I am informed and believe that venue is proper is this court pursuant to California Civil Code § 1780(d) based on the foregoing:

1

DECLARATION OF LYNN BOLDEN PURSUANT TO
CALIFORNIA CIVIL CODE § 1780(d)

1              a.        Defendant Barilla America, Inc. does business within this County and

2    within the Central District of California, Western Division;

3              b.        The transactions complained herein occurred in Los Angeles County,

4

5    California, and within the Central District of California, Western Division.

6         I declare under penalty of perjury under the laws of the State of California and the United

7    States that the foregoing is true and correct.

8         Executed on January ___22___, 2019 in Long Beach, California.

9

10

11

12    *Lynn A Bolden*
    Lynn A Bolden (Jan 22, 2019)

13    Lynn Bolden

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

DECLARATION OF LYNN BOLDEN PURSUANT TO
CALIFORNIA CIVIL CODE § 1780(d)